JEFFREY HOUSE,

        Plaintiff,

                                 Case No. 25-cv-1366-pp

   v.

PATRICK LEIGH,

        Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10), DENYING AS UNNECESSARY DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME (DKT. NO. 12), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14) AND DISMISSING CASE**

---

Before the court are the plaintiff's motion for default judgment, dkt. no. 10, the defendant's motions for enlargement of time, for opposition to the plaintiff's motion for default judgment and for leave to file a motion to dismiss, dkt. no. 12, and the defendant's motion to dismiss for failure to state a claim, dkt. no. 14. Because the plaintiff's claim is barred by the statute of limitations, the court will dismiss the complaint and this case.

## I.    Background

On September 8, 2025, the plaintiff—who is representing himself—filed a complaint alleging that the defendant, a City of Racine police officer, violated the plaintiff's Fourth Amendment rights. Dkt. No. 1. The plaintiff alleges that on August 30, 2021, he was involved in a car accident that resulted in his being civilly committed under Chapter 51. Id. at 2. He alleges that the

1

defendant violated his Fourth Amendment rights by having the plaintiff's blood drawn without consent and without a warrant, despite knowing that the plaintiff was in a mentally compromised condition. Id. at 2–3. The plaintiff alleges that he learned of the violation on August 19, 2025, after speaking with a Racine Municipal Court Clerk about an unrelated matter. Id. at 3. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Magistrate Judge Nancy Joseph granted that motion and screened the complaint, determining that the plaintiff had stated a viable Fourth Amendment claim. Dkt. No. 4. Judge Joseph ordered the U.S. Marshals Service to serve a copy of the summons and complaint on the defendant. Id. at 4.

Deputy U.S. Marshal Patrick Walton filed a document stating that on that November 6, 2025, he attempted to serve the defendant at the Racine Police Department, but that the defendant "was not on shift." Dkt. No. 9 at 1. Walton left the summons and complaint with Veronica Vasquez, the Racine Police Department's subpoena clerk. Id. The defendant provided an affidavit explaining his version of events. See Dkt. No. 13-2. The defendant attests that "sometime in the Fall of 2025," he received a document from Vasquez that he believed was a subpoena related to the plaintiff's Operating While Intoxicated (OWI) charge. Id. at ¶6. He states that he previously had received subpoenas from Vasquez but never had authorized Vasquez to receive service of process on his behalf. Id. at ¶¶8–9. Apparently, the defendant took no action after receiving this "subpoena."

2

On December 1, 2025, the court received from the plaintiff a document titled "Motion For Entry of Default Judgment in accordance with Federal Rule of Civil Procedure 55." Dkt. No. 10. The plaintiff stated that the defendant had been served on November 6, 2025, but had failed to respond. Id. He requested that the court enter a default judgment and set a damages hearing. Id.

According to the defendant's affidavit, on January 9, 2026, after receiving what he thought was a second subpoena for the plaintiff's OWI case, he emailed Robin Zbikowski, Senior Assistant City Attorney for the city of Racine, asking for additional information about the OWI matter. Dkt. No. 13-2 at ¶¶10–11. He spoke with Zbikowski later that day and informed her that he had received a prior federal court "subpoena" in the fall of 2025. Id. at ¶13. The defendant then learned that this "subpoena" was the summons and complaint for this case. Id. at ¶14.

On January 13, 2026, the defendant's counsel filed a notice of appearance, dkt. no. 11, and a combined motion "for enlargement of time, for opposition to Plaintiff's motion for default judgment, and for leave to file a motion to dismiss pursuant to Fed. R. Civ. Proc. 6(b) and Fed. R. Civ. Proc. 55," dkt. no. 12. That same day, the defendant filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. No. 14.

On January 29, 2026, the court received from the plaintiff a response in opposition to the defendant's motion to dismiss. Dkt. No. 17. On February 12, 2026, the defendant filed an "omnibus reply brief" in support of his motion for enlargement of time, in opposition to the plaintiff's motion for default and for

3

leave to file a motion to dismiss (to which the plaintiff did not directly respond), and in support of his motion to dismiss. Dkt. No. 18. On February 24, 2026, the court received from the plaintiff a response in opposition to the defendant's motion for enlargement of time. Dkt. No. 21.

## II.     Plaintiff's Motion for Default Judgment (Dkt. No. 10)

Federal Rule of Civil Procedure 55 requires a two-step process before the court may enter default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the lawsuit and still did not respond. After the clerk has entered default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b).

The plaintiff did not request entry of default before filing his motion for default judgment, so he has not accomplished the first step of the two-step default judgment process. Accordingly, the court must deny the plaintiff's motion for default judgment.

## III.    Defendant's Motion for Enlargement of Time and for Leave to File Motion to Dismiss (Dkt. No. 12)

The defendant argues that the court should extend his deadline for filing a motion to dismiss in response to the complaint because his failure to timely respond was due to excusable neglect. Dkt. No. 12 at 3. He argues that this case is in the early stages, and that no substantive proceedings would be delayed by an extension. Id. at 4. He argues that the plaintiff would not be prejudiced because the statute of limitations bars his recovery. Id. at 5. He asserts that the alleged conduct occurred on August 30, 2021, so the

4

applicable statute of limitations expired on August 30, 2024. <u>Id.</u> (citing Wis. Stat. §895.53; <u>Neita v. City of Chicago</u>, 830 F.3d 494, 498 (7th Cir. 2016)). The defendant asserts that the plaintiff also executed a settlement agreement related to this matter and received compensation in exchange for his release of all claims. <u>Id.</u>

The defendant alleges that his delay in responding to this case was due to "service issues." <u>Id.</u> He argues that the Deputy Marshal never attempted personal service and simply left the summons and complaint with an individual whom the defendant did not authorize to accept service on his behalf. <u>Id.</u> at 5–6. He argues that only the mayor, city manager or city clerk of a municipality may receive service of process for a municipal employee. <u>Id.</u> at 6 (citing Wis. Stat. §801.11). The defendant argues that he never was validly served under federal or Wisconsin law. <u>Id.</u> at 6–7. The defendant argues that once he realized that Vasquez had delivered a summons and complaint to him in the fall of 2025, he appeared and responded less than three business days after learning of the error. <u>Id.</u> at 7. He asserts that he has established excusable neglect because the delay in responding was minimal, no substantive litigation has occurred and he never was properly served. <u>Id.</u>

The defendant filed his motion for enlargement of time on January 13, 2026. The plaintiff's response was due twenty-one days later—on February 3, 2026. <u>See</u> Civil Local Rule 7(b) (E.D. Wis.). The plaintiff filed a response in opposition to the defendant's *motion to dismiss* within that time, dkt. no. 17, but he did not file a response to the defendant's *motion for enlargement of time*

5

until February 24, 2026 (three weeks after the deadline for doing so), dkt. no. 21. The defendant filed an "omnibus" reply brief in support of both of his motions on February 12, 2026, despite acknowledging that the plaintiff had not responded to his motion for enlargement of time. Dkt. No. 18. The plaintiff states that his response opposing the motion to dismiss should be construed as opposing the motion for enlargement of time. Dkt. No. 21 at 1.

The plaintiff's response to the motion for enlargement of time was not filed on time. But the defendant also was not entitled to file a reply brief prior to the plaintiff filing an opposition brief. A reply is permitted "within 14 days from service of the response memorandum." Civil L.R. 7(c). The court will not consider either the plaintiff's untimely response brief or the defendant's premature reply brief.[1] The court has limited its review of the motion for enlargement of time to the defendant's opening brief. That does not mean that the court automatically will grant the defendant's motion. The court still must determine whether the defendant has established grounds for the extension of time.

Federal Rule of Civil Procedure 6(b) governs extensions of court deadlines. Under Rule 6(b), the court may, for "good cause," extend a deadline prior to the expiration of that deadline. Fed. R. Civ. P. 6(b)(1)(A). If the deadline to act already has passed, the moving party must demonstrate both good cause and that the moving party "failed to act because of excusable neglect." Fed. R.

---

[1] The court will consider the defendant's reply brief to the extent that it supports his motion to dismiss because the plaintiff did file a timely response to that motion.

6

Civ. P. 6(b)(1)(B). "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

The defendant says that he did not timely respond to the lawsuit because he was not properly served with the summons and complaint. A defendant's response is not due until twenty-one days after he is served with the summons and complaint (or has waived service). See Fed. R. Civ. P. 12(a)(1)(A)(i). If the defendant never was served, his obligation to answer was not triggered and there is no deadline to extend.

In federal court, an individual may be served by

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The Deputy Marshal did not deliver a copy of the summons and complaint to the defendant personally, nor did he leave copies at the defendant's dwelling. The defendant asserts that he did not authorize the police

department's subpoena clerk to receive service of process on his behalf, and the court is unaware of any statute that authorizes a police department employee to receive service of process on the behalf of a police officer sued in his individual capacity.

> Under Wisconsin law, an individual may be served in the following ways:
>
> (a) By personally serving the summons upon the defendant either within or without this state.
>
> (b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode . . . .
>
> (c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.
>
> (d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

Wis. Stat. §801.11(1). As discussed, the Deputy Marshal did not personally serve the defendant, leave a copy of the summons and complaint at his home or leave a copy with an agent authorized to accept service of process. The Deputy Marshal also did not attempt service by publication. The defendant never was properly served with the summons and complaint, so his obligation to respond to the complaint never was triggered. There is no responsive pleading deadline to extend. The court will deny as unnecessary the defendant's motion for enlargement of time.

8

## IV. Defendant's Motion to Dismiss (Dkt. No. 14)

The defendant has not argued that this case should be dismissed for insufficient service of process; that defense is waivable, so the court will not dismiss the case on that ground. See Fed. R. Civ. P. 12(h)(1) (defense of insufficient service of process waived if not raised by motion). Instead, the defendant argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Dkt. No. 14.

### A. Parties' Arguments

The defendant argues that the court should dismiss the complaint because the statute of limitations has expired. Dkt. No. 15 at 4. The defendant states that the applicable limitation period is three years. Id. at 4–5 (citing Wis. Stat. §893.53; D'Acquisto v. Love, Case No. 20-C-1034, 2020 U.S. Dist. LEXIS 186951, at *3 (E.D. Wis. Oct. 8, 2020)). The defendant argues that the plaintiff's Fourth Amendment claim accrued on August 30, 2021, the date of the alleged wrongful search or seizure and he asserts that the limitation period for the plaintiff's claim expired three years later, on August 30, 2024. Id. at 5.

The defendant next argues that the court should dismiss the complaint because the plaintiff signed a settlement agreement that released the claims he now brings. Id. at 5. The defendant explains that the plaintiff has filed several cases against the city of Racine; during the litigation of the most recent case, the city and the plaintiff executed a settlement agreement to release all claims, including constitutional violations arising before January 5, 2024. Id. at 5–6. The defendant argues that the settlement agreement clearly and

9

unambiguously releases the city of Racine and its employees "from any claims known and unknown to the Plaintiff at the time that the Settlement Agreement was executed." Id. at 7. He asserts that because the settlement agreement clearly bars this claim, the court should dismiss the case. Id.

The plaintiff responds that he filed this case "upon discovery of injury," which should toll the statute of limitations. Dkt. No. 17 at 1. He argues that he was not informed that he was subjected to a blood draw and that the defendant hid this information from his while he was "in a mentally compromised condition." Id. The plaintiff alleges that he did not learn of the warrantless blood draw until "Municipal court clerk Holly" informed him on August 19, 2025. Id. The plaintiff asserts that the defendant is estopped from asserting the statute of limitations defense because the defendant's fraudulent conduct prevented the plaintiff from discovering the injury. Id. He argues that he was transferred to a mental hospital by the Racine Police Department without being informed of the blood draw. Id.

The plaintiff asserts that the settlement agreement is not enforceable because he accepted it "under mental duress;" he says that the agreement is "procedurally and substantive[ly] unconscionable unfair and imbalanced." Id. The plaintiff asserts that he is disabled and suffers from attention deficit disorder, post-traumatic stress disorder and depression, and that he was induced into accepting the unconscionable settlement agreement under duress. Id. He contends that the defendant's counsel exerted undue influence over him to sign the settlement agreement despite the plaintiff's "fragile mental

10

condition." Id. He maintains that he had no opportunity to negotiate the settlement agreement and that the defendant "used high pressure tactics," including a short timeline, which prevented the plaintiff from reviewing the entire agreement. Id. The plaintiff argues that the settlement agreement contains confusing legal language, is one-sided and is fundamentally unfair. Id. at 2. He alleges that the defendant is trying to force him to surrender his constitutional rights indefinitely. Id. The plaintiff attaches several emails dated January 18, 2024 where he purportedly requests to rescind the agreement and asserts that he signed the agreement under mental duress. See Dkt. No. 17-1.

The defendant replies that in this circuit, Fourth Amendment claims are not subject to the discovery rule and accrue on the date of the injury, regardless of the plaintiff's knowledge. Dkt. No. 18 at 3–4 (citing Clincy v. Petropoulos, Case No. 18-CV-1093, 2019 WL 330530, at *3 (E.D. Wis. Jan. 25, 2019)). He argues that the equitable estoppel doctrine the plaintiff raises applies only under limited circumstances. Id. at 4. He says that the plaintiff must show "some sort of affirmative act to stop or delay the plaintiff from bringing the suit" for estoppel to apply. Id. at 5. According to the defendant, the plaintiff has not identified any "affirmative act" taken by the defendant to prevent the plaintiff from filing this case or concealing the blood draw. Id. The defendant argues that the plaintiff's failure to identify this affirmative act bars the application of the equitable estoppel doctrine. Id.

The defendant argues that after the plaintiff sent the January 18, 2024 emails attempting to rescind the settlement agreement, he purportedly "came

11

back to the Settlement Agreement" and accepted its terms. Id. at 6. The defendant attaches multiple email exchanges between the plaintiff and counsel for the City of Racine that show the plaintiff's emails in context. See Dkt. No. 20-1 through 20-4. The defendant says that these emails show that the parties thoroughly discussed the terms of the settlement agreement and the release of the plaintiff's claims. Dkt. No. 18 at 6–7. The defendant asserts that the plaintiff tried to rescind his acceptance of the settlement agreement to negotiate a higher payment, but that in a final email on January 22, 2024, the plaintiff changed course and confirmed that he would take the original offer. Id. at 8–9. The defendant states that the city's Common Council approved the settlement agreement and that the plaintiff was issued a check for $25,000 on February 13, 2024. Id. at 9. The defendant clarifies that the settlement agreement does not release all claims against the city of Racine in perpetuity, but only the claims known and unknown to the plaintiff that accrued prior to January 2024. Id.

B.    Analysis

The plaintiff alleges that his Fourth Amendment rights were violated when the defendant subjected him to a blood draw without his consent. This claim arises under 42 U.S.C. §1983, the federal statute through which a plaintiff may bring a claim that a state actor—an employee of a state, county or local government—violated his constitutional rights. To prevail on a §1983 claim, the plaintiff must prove that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the person who deprived

him of that right was acting under color of state law. <u>Buchanan-Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted).

The defendant argues that the plaintiff's §1983 claim is barred by the statute of limitations. A plaintiff ordinarily needs not anticipate and attempt to plead around affirmative defenses. <u>Chi. Bldg. Design v. Mongolian House, Inc.</u>, 770 F.3d 610, 613 (7th Cir. 2014). But a narrow exception applies when "the allegations of the complaint. . . set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." <u>United States v. Lewis</u>, 411 F.3d 838, 842 (7th Cir. 2005). A court may dismiss a complaint if it is "evident" from the face of the complaint that a plaintiff's claims are time-barred. <u>Dickens v. Illinois</u>, 753 F. App'x 390, 392 (7th Cir. 2018) (affirming dismissal of a complaint as time-barred based on the face of the complaint); <u>Brooks v. Ross</u>, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

In a §1983 case, "state law provides the applicable statute of limitations;" the federal court looks to the "statute of limitations for personal injury actions in the state where the alleged injury occurred." <u>Milchtein v. Milwaukee County</u>, 42 F.4th 815, 822 (7th Cir. 2022) (quoting <u>Behv. Inst. of Ind., LLC v. Hobart City of Common Council</u>, 406 F.3d 926, 929 (7th Cir. 2005)). In Wisconsin, the applicable personal injury statute requires a plaintiff to file his lawsuit "within 3 years after the cause of action accrues." Wis. Stat. §893.53. The complaint

13

states that the allegedly unlawful blood draw took place on August 30, 2021. Dkt. No. 1 at 2. That means the statute of limitations expired three years later, on August 30, 2024.

The plaintiff argues that the statute of limitations should be tolled because he did not learn of the injury until August 19, 2025. But a Fourth Amendment claim under §1983 "accrues at the time of the search or seizure." Neita, 830 F.3d at 498 (citing Wallace v. Kato, 549 U.S. 384, 396 (2007)). This rule applies "regardless of when the plaintiff discovered that the search or seizure was wrongful." Clincy, 2019 WL 330530, at *3 (citing Neita, 830 F.3d at 498; Evans v. Poskon, 603 F.3d 362, 363 (7th Cir. 2010)). The discovery rule cannot save the plaintiff's Fourth Amendment claim.

The plaintiff also argues that the defendant should be equitably estopped from raising the statute of limitations as a defense because his "fraudulent conduct" prevented the plaintiff from discovering the blood draw. "Equitable estoppel, which is a doctrine of federal law, 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.'" Rosado v. Gonzalez, 832 F.3d 714, 716 (7th Cir. 2016) (quoting Shropshear v. Corp. Couns. of City of Chi., 275 F.3d 593, 595 (7th Cir. 2001)). Equitable estoppel "denotes efforts by the defendant, *above and beyond the wrongdoing upon which the plaintiff's claim is founded*, to prevent, by fraud or deception, the plaintiff from suing in time." Shropshear, 275 F.3d at 595 (emphasis added). The plaintiff does not describe the fraudulent conduct he believes the defendant engaged in to prevent him from

14

suing within the three-year period. The plaintiff reiterates that he was unaware of the blood draw at the time it occurred and did not learn of it until August 2025. But the plaintiff does not allege that the defendant did anything to prevent him from learning about the blood draw. The defendant's purported concealment of the blood draw is part of the wrongdoing the plaintiff is alleging. There are no allegations that the defendant did anything further to prevent the plaintiff from suing. The court will dismiss the plaintiff's claim as time-barred. Because the claim is time-barred, the court need not address the question of whether the settlement agreement is enforceable.

## V. Conclusion

The court **DENIES** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **DENIES AS UNNECESSARY** the defendant's motion for enlargement of time to respond. Dkt. No. 12.

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE** as time-barred. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

15